UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANKLIN DIFO,<br>　　　　　　　　　　Defendant. | 21-CR-434 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On October 27, 2025, the Bureau of Prisons ("BoP") submitted a letter to this Court "requesting guidance as to how Mr. Difo's federal sentence should run with respect to sentences he has served with the State of New York." *See* Letter from Bureau of Prisons, Oct. 27, 2025, at 1, ECF No. 25. For the reasons stated below, the Court recommends that the Mr. Difo's federal sentence in this case should run concurrently with the New York State sentences described herein.

## BACKGROUND

On July 19, 2022, Defendant Franklin Difo was sentenced to a 70-month term of confinement for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).[1] "At the time, Mr. Difo was under the primary jurisdiction of state authorities in New York, and in federal custody pursuant to a writ of habeas corpus . . . ." ECF No. 25 at 1. The Judgment in this case "was silent regarding any relationship with the forthcoming action by the state," *id.*, and a review of the sentencing transcript, ECF No. 16, indicates nothing stated by the Judge Crotty, who was assigned this case at the time, in this regard.

---

[1] The Defendant was sentenced by the Honorable Paul A. Crotty. This matter was reassigned to the undersigned on January 23, 2025.

Subsequently, on May 29, 2024, "Mr. Difo was sentenced by the State of New York to a 2 to 4-year term of imprisonment for Attempt Assault-2nd Degree, in New York County Superior Court Case Number 02819-19," as well as "a concurrent 2-year and 6-month term for Criminal Possession of a Controlled Substance in New York County Superior Court Case Number 01975-19." ECF No. 25 at 2. The BoP's letter to this Court indicates that the information available to the Bureau as of that date did "not indicate whether the [state] court intended the [state] sentence[s] to run concurrently with or consecutively to the federal sentence." *Id.* A copy of the sentencing transcript in the state court proceedings submitted recently to this Court, however, indicates that the state court judge intended that the state sentences "run concurrently with the federal sentence" in this case. *See* Def.'s Letter, Dec. 2, 2025, Ex. A at 5, ECF No. 28. In imposing sentences to run concurrently with Mr. Difo's federal sentence in this case, the state court observed that "I think that it's a really good sign for you in terms of your future that you're recognizing that you've made mistakes and you want to be there for your family. I think that's great to see that," *id.* at 3, and noted that the concurrent sentences were "the promised sentence[s]" as part of Mr. Difo's plea arrangements, *id.* at 5.

"On July 22, 2024, Mr. Difo's state obligation was satisfied, and he was released from custody by the state instead of being released to federal authorities for the service of his federal sentence." ECF No. 25 at 2. This was apparently in error. Mr. Difo then spent approximately six months free from incarcerative custody, during which time "he not only was compliant with the terms of his parole, which included drug testing and home confinement- he obtained gainful employment as a security guard and devoted his attention to his family." ECF No. 28 at 2.

Then, "[o]n January 29, 2025, Mr. Difo was arrested by federal authorities, and his federal sentence commenced on this date as provided by 18 U.S.C. § 3585(a)." ECF No. 25 at 2. Mr. Difo now requests "a retroactive designation, which would in turn make his federal sentence

concurrent with his state term.  This would be accomplished by the Bureau designating the state institution for service of his federal sentence under 18 U.S.C. § 3621(b)."  *Id.* at 1.  The practical effect of such a designation would be to "reduce the total amount of time spent in custody," and would "result in Mr. Difo's release from Bureau custody on or about March 23, 2027," instead of his "current projected release date of January 18, 2030."  *Id.* at 1-2.

## DISCUSSION

Ordinarily, the authority to order a federal sentence concurrent with or consecutive to any other sentence rests with the federal sentencing court at the time of sentencing.  *See Setser v. United States*, 566 U.S. 231, 237 (2012).  In this case, however, there is nothing in the record to indicate what Judge Crotty intended in this regard at the time of sentencing in this case.  Nevertheless, the Bureau of Prisons (BOP) has the authority to make a nunc pro tunc designation as to whether a defendant's federal sentence should be deemed to have run concurrently with a state sentence, and a court "may make a non-binding recommendation to the BOP" in this regard.  *United States v. Benitez*, No. 98 Cr. 874, 2009 WL 4857491, at *2 (S.D.N.Y. Dec. 11, 2009).

Here, the Court recommends that the BOP deem the Mr. Difo's sentence to have run concurrently with his state sentences.  The Court makes this recommendation based on its review of the record, including the state court sentencing judge's stated intention that Mr. Difo's state sentences run concurrently with his federal sentence in this case.  While that determination is not binding on federal authorities, *see id*, the Court recommends that it be honored for reasons stated on the record in that proceeding, including the state court's view that concurrent sentences would be sufficient to serve the goals of sentencing, while facilitating Mr. Difo's rehabilitation and reentry into society.  *See* Def.'s Letter Ex. A at 3-5.

The Court further "finds that consecutive sentences would exceed an appropriate sentence under 18 U.S.C. § 3553(a)."  *Benitez*, 2009 WL 4857491, at *2.  As noted, Mr. Difo's "state

3

sentence was imposed with the instruction that it be served concurrently with any federal sentence; accordingly, to impose additional sentence would not promote respect for the law or provide just punishment for the offense." *Id.* In light of the facts of this case, this Court concludes that consecutive sentences would result in a sentence that would be greater than necessary to facilitate the goals of sentencing, and that a sentence in this case that runs concurrently with the sentences served on the aforementioned state charges would be sufficient to accomplish those goals.

The Government notes that a retroactive designation would be contrary to the default rule that sentences run consecutively. *See* Gov't Letter dated Dec. 3, 2025 at 3, ECF No. 29. But the Second Circuit has explained that, where a defendant "was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him." *McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998). The Government further argues that "the goals of the criminal justice system favor consecutive sentences because of the serious nature of the defendant's federal offense and the history and characteristics of the defendant, as well as the need to protect the public, and to afford adequate deterrence of future criminal conduct." ECF No. 29 at 3. Although Judge Crotty did not opine on this issue, the state court judge in Mr. Difo's state cases concluded otherwise. Upon review of the record, this Court finds no reason to disagree with the state court's conclusion in this regard. Indeed, the state court's conclusion was confirmed by Mr. Difo's compliance with his terms of parole and otherwise good behavior during the six-month period between his release from state custody and his subsequent arrest by federal authorities.

## CONCLUSION

For the reasons set forth above, this Court recommends to the BoP that Mr. Difo's federal sentence in this case should run concurrently with respect to sentences he has served with the State

of New York in the matters described above.  The final determination, however, is left to the BoP's

discretion.

The Government is directed to furnish a copy of this Order to the BoP via electronic mail.

The Clerk of Court is respectfully directed to terminate ECF No. 28.

SO ORDERED.

Dated:  December 23, 2025
        New York, New York

_____
                DALE E. HO
        United States District Judge